**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

JIM YOUNKIN,

                                          CAUSE NO. CV 05-48-M-JCL

                    Plaintiff,

          vs.

THE PRUDENTIAL INSURANCE                  FINDINGS AND RECOMMENDATION
COMPANY OF AMERICA, a New Jersey          OF U.S. MAGISTRATE JUDGE
Company, WASHINGTON CORPORATIONS,
a Montana Company, LONG TERM
DISABILITY COVERAGE FOR ALL
EMPLOYEES OF MONTANA RAIL LINK, INC.
AND I & M RAIL LINK, LLC, OF
WASHINGTON CORPORATIONS, and DOE
DEFENDANT I THROUGH IV,

                    Defendants.

_____

     This matter comes before the Court on Defendant Prudential

Insurance Company of America's ("Prudential") Motion for Partial

Summary Judgment on Count II of Plaintiff's Amended Complaint.

Through its motion Prudential simply seeks dismissal of Count II

on the basis it cannot be held liable for the statutory penalties

set forth in 29 U.S.C. § 1132(c) of the Employee Retirement

Income Security Act (ERISA).

**I.   PLAINTIFF'S ALLEGATIONS**

     Plaintiff brings this action pursuant to ERISA seeking

recovery of benefits and statutory remedies as a participant in

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 1

the Long Term Disability Coverage for All Employees of Montana

Rail Link, Inc. And I&M Rail Link, LLC of Washington Corporation

(the Plan), an ERISA qualified plan.  The Plaintiff alleges as

follows:

Plaintiff is a former locomotive engineer for Montana Rail

Link (MRL).  In February 2002 he received injuries in a vehicle

rollover accident while working for MRL.  Due to Plaintiff's

injuries he applied for benefits under the Plan.  Defendants

initially awarded benefits to Plaintiff under the Plan, but

subsequently terminated those benefits.

Plaintiff's Amended Complaint sets forth two Counts of

alleged liability against Defendants.  In Count I Plaintiff

alleges that he is entitled to benefits under the Plan and the

Defendants wrongfully denied or terminated those benefits under

the Plan.  In Count II Plaintiff alleges Defendants have failed

to produce all the Plan documents as requested by Plaintiff

thereby subjecting Defendants to the penalties available under

ERISA for such failures.

## II.  APPLICABLE LAW - SUMMARY JUDGMENT

A party moving for summary judgment bears the burden of

demonstrating "that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  A movant may satisfy

that burden where the documentary evidence produced by the

parties permits only one conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party.  *Id*. at 252.

**III. DISCUSSION**

Prudential moves for summary judgment upon Count II of the Complaint against it.  Prudential argues that as a matter of law it cannot be held liable for the statutory penalties under ERISA for any failure on its part to produce Plan documents requested by the Plaintiff.

ERISA imposes express obligations on the administrators of employee benefit plans to disclose or produce documents to participants and beneficiaries.  The requirements are, in part, as follows:

> (a) Summary plan description and information to be furnished to participants and beneficiaries
>
> > **The administrator** of each employee benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan–
> >
> > > (1) a summary plan description described in section 1022(a)(1) of this title; and
> > >
> > > (2) the information described in sections 1024(b)(3) and 1025(a) and (c) of this title.

29 U.S.C. § 1021(a) (emphasis added).  ERISA further requires that

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE – Page 3

> **[t]he administrator** shall, upon written request of any
> participant or beneficiary, furnish a copy of the latest
> updated summary plan description, and the latest annual
> report, any terminal report, the bargaining agreement, trust
> agreement, contract, or other instruments under which the
> plan is established or operated.

29 U.S.C. § 1024(b)(4) (emphasis added).  *See Moran v. AETNA Life Ins. Co.*, 872 F.2d 296, 298 (9th Cir. 1989) (recognizing these duties).

An administrator's failure to produce documents properly requested by a participant subjects the administrator to personal liability for statutory penalties.  ERISA provides the following penalties:

> **Any administrator**[...](B) who fails or refuses to comply
> with a request for any information which such administrator
> is required by this subchapter to furnish to a participant
> or beneficiary (unless such failure or refusal results from
> matters reasonably beyond the control of the administrator)
> by mailing the material requested to the last known address
> of the requesting participant or beneficiary within 30 days
> after such request may in the court's discretion be
> personally liable to such participant or beneficiary in the
> amount of up to $100 a day from the date of such failure or
> refusal, and the court may in its discretion order such
> other relief as it deems proper.

29 U.S.C. § 1132(c)(1) (emphasis added).

The sole question presented by Prudential's summary judgment motion is whether Prudential is the type of administrator which can be held liable for the statutory penalty imposed by § 1132(c)(1).  *See* Prudential's Br. in Support at 5.  Prudential contends it cannot be held liable because, as provided in the terms of the Plan, it is designated only as the "claims"

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE – Page 4

administrator, not the "plan" administrator.  According to

Prudential only the plan administrator can be held liable for the

statutory penalty created by § 1132(c).  Prudential, of course,

predicates its argument upon the Ninth Circuit holding in *Moran*

*v. AETNA Life Ins. Co.*, 872 F.2d 296 (9th Cir. 1989).

In *Moran* a plan beneficiary sued the plan insurer, AETNA,

under 29 U.S.C. § 1132(c) for its failure to provide ERISA plan

documents at the beneficiary's request.  *Moran*, 872 F.2d at 297.

The court held that an insurer entity which is not expressly

designated in an ERISA plan as an "administrator" cannot be held

liable under 29 U.S.C. § 1132(c).  *Id*. at 299-300.

To determine whether AETNA was liable under § 1132, which

imposes liability on "any administrator" for failure to produce

documents, the court relied on ERISA's definition of an

"administrator:"

> (16)(A) The term "administrator" means–
>
>> (i) the person specifically so designated by the terms
>> of the instrument under which the plan is operated;
>>
>> (ii) if an administrator is not so designated, the plan
>> sponsor; or
>>
>> (iii) in the case of a plan for which an administrator
>> is not designated and a plan sponsor cannot be
>> identified, such other person as the Secretary may by
>> regulation prescribe.

29 U.S.C. § 1002(16).  *Moran*, 872 F.2d at 299.  The court first

considered § 1002(16)(A)(i) and determined the ERISA plan at

issue did "not designate an administrator under" that section.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE – Page 5

*Id.*  The court then turned to § 1002(16)(A)(ii) and concluded the

beneficiary's employer was the plan sponsor, and thus was the

administrator for purposes of liability under § 1132(c).  *Id.*

Importantly, AETNA was not designated as an administrator under

the plan.  *Id*. at 297, 299-300.  The court recognized it had no

authority to expand the scope of those liable under § 1132(c) as

administrators beyond those persons or entities defined as

administrators under the statute at § 1002(16).  *Id*. at 299.

Consequently, the court held that since AETNA was not identified

as an administrator it could not be held liable for penalties

under § 1132(c).  *Id*. at 299-300.

　　　Consistent with *Moran* and the statutory scheme on which

*Moran* is based, the result is different if an insurer is in fact

identified and designated as an administrator in an ERISA plan.

*Snow v. Raytheon Co.*, 31 M.F.R. 426 (D. Mont. 2003).  In *Snow*

this Court found the ERISA plan itself designated Met Life as the

"claims administrator".  *Snow*, at 428, 437.  The ERISA plan

delegated claims handling authority to Met Life as the claims

administrator, including responsibility for providing the

beneficiary with copies of plan documents "under which it was

basing its decision to terminate" benefits.  *Id*. at 440.  This

Court correctly concluded there is no distinction to be drawn

under ERISA between a claims administrator and a plan

administrator for purposes of the definitions and liability under

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 6

29 U.S.C. §§ 1002(16), 1024(b)(4), and 1132(c).  *Id*. at 443.

Because Met Life was designated as the "claims" administrator

under the ERISA plan and delegated with the responsibility of

providing documents, this Court concluded Met Life would be held

liable for failing to provide copies of plan documents at the

request of the beneficiary.  *Id*. at 444.

The facts in the present case are effectively

indistinguishable from those in *Snow*.  The record establishes

Prudential is an administrator responsible for producing certain

documents and, therefore, could be liable under § 1132(c) for

failing to do so.  Similar to the ERISA plan involved in *Snow*,

Prudential is designated as the "Claims Administrator" in the

Plan.  Prudential's Statement of Uncontroverted Facts (SUF), Ex.

A at 33-34.  The Plan makes Prudential responsible for

administering claims, determining eligibility for benefits, and

considering appeals of its decisions to deny benefits.  *Id*., Ex.

A at 34-37.  The Plan provides that upon a beneficiary's appeal

to Prudential of its denial of benefits the beneficiary, upon his

or her request, "will have access to, and the right to obtain

copies of, all documents, records and information relevant to

your claim free of charge."  *Id*., Ex. A at 35.  Upon Prudential's

denial of an appeal Prudential is obligated to advise a

beneficiary of his or her entitlement to have access to, and to

obtain, free of charge, copies of documents relevant to a

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 7

benefits claim.  *Id*.  Finally, the Plan provides that upon a
beneficiary's second and third appeals to Prudential the
beneficiary is entitled to have access to, and to receive copies
of all documents relevant to the claim free of charge.  *Id*., Ex.
A at 36.

Because Prudential is responsible for administering claims
and appeals, pursuant to the above-reference provisions of the
Plan, the Court finds Prudential is the administrator responsible
for providing access to, and providing copies of, documents
relevant to Plaintiff's claims.  In accordance with both *Snow* and
*Moran*, Prudential is designated as an administrator in accordance
with 29 U.S.C. § 1002(16)(A)(i).  Since ERISA makes no
distinction between claims administrators and plan
administrators, Prudential could be liable as an administrator
under § 1132(c) if it failed to produce copies of documents
relating to the administration of a claim as requested by a
beneficiary and as required to be produced by §§ 1021(a) and
1024(b)(4).

Prudential points out that Defendant Washington
Corporations, as the designated plan administrator, is obligated
under the provisions of the Plan to produce copies of plan
documents.  Prudential's SUF, Ex. A at 37.  Therefore, Prudential
argues Washington Corporations has the sole responsibility to
produce plan documents.  The Court finds, however, the referenced

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE – Page 8

provisions of the Plan impose obligations on both Washington

Corporations and Prudential to produce certain documents at the

request of a beneficiary.  The obligation does not fall solely on

Washington Corporations, and Prudential can be liable for its own

failure to produce requested documents pertinent to claims

administration.

Prudential's motion requests summary judgment as to Count II

only on the ground that it cannot, as a matter of law, be held

liable because it is not a "plan" administrator subject to

liability under § 1132.  Prudential does not argue it did not

fail to provide documents as requested.  Accordingly, the Court

will not proceed to determine whether such failure occurred.

However, the Court will, at a minimum, consider whether Plaintiff

made the requisite request for documents relating to Prudential's

claim administration thereby triggering Prudential's duty to

provide them, and liability under § 1132(c) for any failure to

produce those documents.

The record establishes that on October 28, 2002, Prudential

terminated Plaintiff's benefits effective November 1, 2002.

Pl.'s Amend. Compl. at 6.  Plaintiff appealed the termination

several levels through Prudential, which appeals Prudential

denied on December 23, 2002, February 27, 2003, April 17, 2003,

and July 23, 2003.  Pl.'s Amend. Compl. at 7-9.  On May 5, 2003,

Plaintiff requested that Prudential provide him with copies of

all documents relevant to his claim.  Pl.'s Statement of Genuine

Issues (SGI), Ex. 7.

Based on the foregoing, the Court concludes Prudential has

failed to establish as a matter of law that it is not an

administrator subject to liability under § 1132(c) for failing to

produce documents related to administration of Plaintiff's claim

upon request.  The issue of whether Prudential is actually liable

for any failure to produce documents is not the subject of

Prudential's motion.  Such issue will have to be resolved in

further proceedings in this case.

This recommendation also does not resolve various other

issues relative to Defendants' alleged liability for the

statutory penalties.  As reflected in Plaintiff's recently filed

Motion for Partial Summary Judgment on Statutory Penalties,

Attorney's Fees, and Interest, there remains issues regarding

Defendant Washington Corporations' alleged liability, if any, for

statutory penalties for failing to produce requested documents,

respective apportionment of alleged liability, if any, between

Washington Corporations and Prudential for the statutory

penalties, and issues of what specific and independent

obligations were imposed on each Defendant separately to provide

certain documents.  *See* Pl.'s Statement of Undisputed Facts (June

30, 2006) ¶¶ 14, 18, 21 (asserting a request for documents was

given to Washington Corporation).  Such issues are presented for

further consideration by the Court in Plaintiff's recently filed summary judgment motion.

Accordingly, the Court hereby enters the following:

### RECOMMENDATION

Prudential's Motion for Partial Summary Judgment on Count II should be **DENIED.**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this ___25th___ day of July, 2006.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 11