FILED
MISSOULA, MT

2006 AUG 28   AM 11 37

PATRICK E. DUFFY

BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JIM YOUNKIN, | ) | CV-05-48-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, a New Jersey | ) | |
| Company, WASHINGTON CORPORATIONS, | ) | |
| a Montana Company, and DOE | ) | |
| DEFENDANTS 1 THROUGH V, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. Introduction

On July 25, 2006, United States Magistrate Judge Jeremiah C. Lynch signed his Findings and Recommendation (dkt #52) in this matter addressing Defendant Prudential's motion for summary judgment (dkt #27).   Judge Lynch recommended denying the motion. Prudential objected and therefore the Court conducted a de novo review of the record.   28 U.S.C. § 636(b)(1) (2006).   I agree with Judge Lynch's analysis and find summary judgment is not appropriate.   The Parties are familiar with the procedural

-1-

history and the factual background so they will not be restated.

## II.  Analysis

### A.    Summary Judgment Standards

A party moving for summary judgment is entitled to such if the party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party.  *Id.* at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, at 248.  The nonmoving party may do this by use of affidavits (including his own), depositions,

answers to interrogatories, and admissions. *Id.*

In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251-252. Though the *Anderson* Court stated that at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial, it also stated that if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50.

**B.   Prudential's Motion for Summary Judgment**

After review of Judge Lynch's Findings and Recommendation I find he correctly recommended denying Prudential's motion for summary judgment. The language of the ERISA statute and this Court's ruling in *Snow v. Raytheon Co.*, 31 M.F.R. 426 (D. Mont. 2003) support this decision. In its objection, Prudential disputes the interpretation of the statute and Judge Lynch's reliance on *Snow*. Prudential asserts that *Snow* must be abrogated because it is "incompatible" with the Ninth Circuit decision in *Moran v. AETNA Life Ins. Co.*, 872 F.2d 296 (9th Cir. 1989). The ERISA statutes and *Snow*, however, demonstrate that Prudential is not entitled to summary judgment as a matter of law.

Prudential disputes Judge Lynch's reliance on "[a]ny administrator" as contained within 29 U.S.C. § 1132(c)(1) (2006).

Judge Lynch concluded that this meant that either a claims administrator, such as Prudential, or a plan administrator is subject to penalty under the statute for failure to provide requested information. Prudential contends that Judge Lynch has inappropriately broadened the scope of the statute.

Prudential cites *Davis v. Michigan*, 489 U.S. 803 (1989) to argue that courts must read statutes in the overall statutory scheme. In this light it is helpful to review the other subsections of § 1132(c). § 1132(c)(2), which addresses penalties for failure to provide an annual report, spells out that "any plan administrator" who fails to meet this requirement is subject to penalty. Other subsections of § 1132(c) also specifically address penalties applicable to "plan administrators." The Court finds that the term "[a]ny administrator" in § 1132(c)(1) was intentional and in stark contrast to the other subsections that address penalties to "plan administrators." Judge Lynch appropriately interpreted the term to cover both claims and plan administrators.

The Court also finds that *Moran* is distinguishable. Notably, there was not a designated administrator of any type in *Moran*. *Id.* at 299. Plaintiffs in *Moran* sued under an estoppel theory where both parties agreed the defendant was not an administrator, but had been misrepresented by its own agent as the plan administrator. *Id.* at 299-300. Here, there is no dispute that Prudential is an administrator and that suffices under 29 U.S.C. §§ 1002(16)(A) and 1032(c)(1). Thus, the holding

-4-

in *Snow*, where this Court ruled that a claims administrator was liable under ERISA for failure to provide documents, is persuasive and does not run afoul of *Moran*.   *Snow*, 31 M.F.R. at 444.

Consequently, Prudential is not entitled to summary judgment as a matter of law.

### III.   Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #52) are adopted in full: Defendant's motion for summary judgment (dkt #27) is DENIED.

The case is referred back to Judge Lynch for all remaining pretrial proceedings in accordance with this Court's June 9, 2006 Order.

DATED this _21_ day of August, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court