FILED
MISSOULA, MT

2007 JAN 24 PM 5 27

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JIM YOUNKIN,<br><br>   Plaintiff,<br><br> vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Company; WASHINGTON CORPORATIONS, a Montana Company, and DOE DEFENDANTS 1 THROUGH V,<br><br>   Defendants. | CV 05-48-M-DWM<br><br><br><br>ORDER |

### I. Introduction

On December 5, 2006, United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter addressing Plaintiff's Motion for Partial Summary Judgment on Count II. Judge Lynch recommended granting the motion in part and denying it in part. Plaintiff and Defendant, The Prudential Insurance Company ("Prudential"), both objected and therefore the Court conducted a <u>de novo</u> review of the record. 28 U.S.C. §

636(b)(1). I agree with Judge Lynch's analysis and conclusions. The Parties are familiar with the procedural history and the factual background so they will not be restated.

## II. Analysis

### A. Prudential's Objections

Judge Lynch recommended that the Court impose a statutory penalty of $33,000 against Prudential for its 300-day delay in providing Plaintiff with a copy of the 2002 Plan documents or any documents summarizing amendments to the 2001 Plan. Prudential claims this penalty should not be imposed because under the Plan's Summary Plan Description, Defendant Washington Corporation ("Washington"), not Prudential, is responsible for producing copies of the Plan's governing documents. Even if the penalty is appropriate, Prudential argues it should be calculated based on a 120-day delay instead of a 300-day delay. Prudential contends this shorter time period is appropriate because Prudential informed Plaintiff on October 2, 2003 that he must direct his requests for Plan documents to Washington.

The recommended penalty was imposed pursuant to 29 U.S.C. §§ 1132(c)(1) and 1024(b)(4). These provisions impose a duty on administrators to furnish copies of various plan documents when a plan participant makes a written request and permits courts to impose a penalty against administrators who fail to furnish requested documents. 29 U.S.C. §§ 1132(c)(1) & 1024(b)(4). This

Court previously determined the term "administrator" in the provisions applies to a claims administrator like Prudential. Because Plaintiff seeks imposition of penalties pursuant to the statute, it is the duties imposed by the statute that are relevant, not the duties imposed by the Plan. The statute imposes a duty on Prudential, as an administrator, to provide Plan documents and Prudential did not do so in a timely manner after a request was made. Therefore, the penalty recommended by Judge Lynch is appropriate.

Prudential also argues the penalty recommended by Judge Lynch is excessive. A court has discretion in assessing penalties under § 1132(c)(1) and may award up to $110 per day. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1. In determining an appropriate penalty, courts should focus on the conduct of the administrator, not prejudice to the plan participant, because the purpose of the statute is to penalize administrators, not compensate participants. Draper v. Baker Hughes, Inc., 892 F. Supp. 1287, 1298 (E.D. Cal. 1995). Prudential contends Judge Lynch's recommendation to award the maximum daily amount is inappropriate because there is no evidence Prudential acted in bad faith or maliciously withheld the requested documents. Instead, according to Prudential, it did not produce the documents because it was not required to under the Plan's Summary Plan Description. Prudential argues Judge Lynch's recommendation

is based primarily on prejudice experienced by Plaintiff, which is not a permissible consideration.

Although Judge Lynch noted it did not appear that Prudential acted in bad faith, he nevertheless found their conduct "particularly reprehensible." Specifically, Prudential denied Plaintiff disability benefits on November 1, 2002, applying the incorrect version of the Plan. Plaintiff was unable to discover this error until March 30, 2004, when a copy of the Plan's 2002 amendments was finally provided to Plaintiff by Washington. Prudential was informed as early as March 10, 2003 that it had applied the wrong version of the Plan, but did not admit its error until August 17, 2005. In light of these factors, Judge Lynch recommended awarding the maximum daily penalty. These factors do not focus on prejudice to the Plaintiff; they consider the reprehensibility of Prudential's conduct in denying benefits while at the same time refusing to provide Plaintiff with documents that were necessary to challenge that denial. This Court finds the $33,000 statutory penalty is appropriate.

Prudential's final objection relates to Judge Lynch's recommendation of $200 as a reasonable hourly rate for attorneys' fees to be awarded to Plaintiff. Plaintiff submitted an expert affidavit indicating $225 to $250 was a reasonable hourly rate; Prudential's expert testified $175 was the appropriate hourly rate. Prudential contends the hourly rate should be $175 because

Plaintiff did not produce an expert affidavit with his opening brief, Plaintiff's expert is not qualified to testify about reasonable rates in ERISA cases, and $225 is excessive in light of the novelty and difficulty of the issues involved and the experience, reputation, and ability of Plaintiff's attorney. Plaintiff has not yet submitted his actual claim for attorneys' fees. At that time, the Court will determine the amount of attorneys' fees based on consideration of the factors set forth in Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 n.2 (9th Cir. 2000).[1] For determining the lodestar, however, the Court finds $200 is an appropriate hourly rate based both on the parties' affidavits and the Court's knowledge of customary rates in Montana. The lodestar may be increased or decreased based on other relevant factors once the parties have fully briefed the issue of attorneys' fees.

### B. Plaintiff's Objections

---

[1] The factors include:
(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.
Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 n.2 (9th Cir. 2000).

Plaintiff contends Judge Lynch erred in failing to recommend imposition of a statutory penalty for Prudential's failure to produce various e-mails between Prudential and Washington. According to Plaintiff, Prudential was required to produce these e-mails pursuant to 29 C.F.R. § 2560.503-1(h). This regulation arguably requires Prudential to produce the e-mails. Nevertheless, the statutory penalty authorized by 29 U.S.C. § 1132(c)(1) only applies where an administrator fails to provide information it is required to furnish by statute. See 29 U.S.C. §§ 1132(c)(1) (stating, "required by this subchapter to furnish"). The penalty does not apply where a duty to furnish documents is imposed only by regulation. Judge Lynch thus correctly determined Plaintiff was not entitled to a statutory penalty for Prudential's failure to produce the e-mails.

Plaintiff next claims he is entitled to a separate penalty for Prudential's failure to produce a July 26, 2002 letter from Prudential to Washington identifying the amendment to the 2001 Plan that affected Plaintiff's eligibility for benefits. Plaintiff contends this document is an "instrument under which the plan is established or operated" and thus must be produced pursuant to 29 U.S.C. § 1024(b)(4). Plaintiff relies on this Court's decision in Snow v. Raytheon Company, No. 01-137-M-DWM (D. Mont. Oct. 29, 2003), in which the Court imposed a separate penalty for an administrator's failure to produce the Summary

Plan Description and the plan itself.

The July 26, 2002 letter is not a document under which the plan is established or operated. Nor does it relate specifically to Plaintiff's claim for benefits. It is merely a letter from Prudential to Washington informing Washington of the amendment to the 2002 plan. Unlike the Summary Plan Description and plan at issue in Snow, the July 26 letter is not a Plan document.[2] Accordingly, a separate penalty is not warranted for Prudential's failure to produce it.

Plaintiff also contests Judge Lynch's recommendation that a statutory penalty not be imposed against Washington because Plaintiff did not request documents from Washington. Plaintiff contends, although his May 5, 2003 letter requesting documents was addressed to Prudential, Washington had actual knowledge of the request because the letter was given to a Washington representative and faxed to Prudential from a Washington fax machine.[3] Plaintiff cites Romero v. SmithKline Beecham, 309 F.3d 113 (3d Cir. 2002). In Romero, the court indicated § 1132(c)(1) may not require a document request to be addressed to the current

---

[2]Together, however, the July 26, 2002 letter and the 2001 Plan do satisfy the obligation to produce the 2002 Plan as Judge Lynch indicated because the amendment identified in the letter is the only substantive change in the 2001 Plan.

[3]Plaintiff maintains he is not attempting to obtain double penalties and concedes his objections regarding Washington are moot if the penalty is paid by Prudential.

plan administrator where the administrator has recently changed or it is difficult to obtain the name of the administrator. Id. at 119. Under these circumstances, the court noted, actual receipt of the document request by the current administrator is likely sufficient to impose a duty to respond and warrant a statutory penalty for failure to respond. Id. at 119-20. Romero is inapposite in the instant case, however, because Plaintiff did address his document request to an administrator, i.e., Prudential. Although Washington saw the request, it was reasonable for it not to produce the requested documents based on its belief that Prudential would do so.

Finally, Plaintiff contends Judge Lynch's determination that Washington timely responded to Plaintiff's request for documents is erroneous because Washington provided Plaintiff with the 2001 Plan not the 2002 Plan. Plaintiff concedes, however, that Washington also provided him with a letter indicating the relevant amendment to the 2001 Plan. This amendment was the only substantive difference between the 2001 Plan and the 2002 Plan. Plaintiff's claim that Washington failed to provide the appropriate documents therefore is without merit.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Plaintiff's Motion for Partial Summary Judgment is GRANTED IN PART and DENIED

IN PART as follows:

(1)   Plaintiff's motion against Washington is DENIED.

(2)   Plaintiff's motion against Prudential is GRANTED as to statutory penalties in the amount of $33,000 for its 300-day delay in producing the 2002 Plan documents.  Furthermore, Plaintiff is awarded costs; pre-judgment interest on the back-payments of his benefits based on the market rate under 28 U.S.C. § 1961(a); and attorneys' fees at an hourly rate of $200, subject to further consideration pending Plaintiff's submission of his actual claim for attorneys' fees.

(3)   Plaintiff's motion is DENIED in all further respects.

Dated this 24th day of January, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court