IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

JIM YOUNKIN,

                                     CAUSE NO. CV 05-48-M-JCL

                   Plaintiff,

       vs.

THE PRUDENTIAL INSURANCE          FINDINGS AND RECOMMENDATION
COMPANY OF AMERICA, a New Jersey  OF U.S. MAGISTRATE JUDGE
Company, WASHINGTON CORPORATIONS,
a Montana Company, LONG TERM
DISABILITY COVERAGE FOR ALL
EMPLOYEES OF MONTANA RAIL LINK, INC.
AND I & M RAIL LINK, LLC, OF
WASHINGTON CORPORATIONS, and DOE
DEFENDANT I THROUGH IV,

                   Defendants.

_____

## I.   BACKGROUND

Plaintiff Jim Younkin brought this action pursuant to the Employee Retirement Income Security Act (ERISA) seeking recovery of disability benefits and statutory penalties as a participant in the Long Term Disability Coverage for All Employees of Montana Rail Link, Inc. and I&M Rail Link, LLC of Washington Corporation (the Plan), an ERISA qualified plan.  Younkin instituted suit against Prudential Insurance Company of America (Prudential) and Washington Corporations (Washington) claiming that Defendants had failed to properly award benefits to which Younkin was entitled,

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

and failed to provide Plan documents to Younkin as required by law.

Through further administrative proceedings subsequent to the initiation of this lawsuit, Prudential agreed to award Younkin the disability benefits he sought in this lawsuit.  Prudential paid such benefits retroactively as of August 20, 2005, and those benefits will continue into the future pending the Plaintiff's continued eligibility.

Then, upon review of Younkin's Motion for Partial Summary Judgment, on January 24, 2007, the Court held Prudential liable for statutory penalties for its failure to provide Younkin with copies of the proper Plan documents.

This case is now before the Court on Younkin's motion, filed on February 7, 2007, requesting an award of attorneys' fees, and the entry of a final judgment.  The parties have fully briefed the motion, and the Court heard oral argument on the motion on March 21, 2007.  Having considered the parties' respective arguments, the Court finds Younkin, as the prevailing party in this litigation, is entitled to an award of attorney's fees under 29 U.S.C. § 1132(g)(1).

## II.  DISCUSSION

### A.   The Legal Basis for Attorney's Fees

Attorney's fees are recoverable under ERISA pursuant to 29 U.S.C. § 1132(g)(1):

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 2

> In any action under this subchapter [...] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

On December 5, 2006, the undersigned issued a recommendation concluding Younkin was entitled to an award of fees under § 1132(g)(1).  On January 24, 2007, the District Court issued its Order establishing Younkin was entitled to attorneys' fees at the rate of $200 per hour in a total amount to be determined by the Court following further briefing by the parties.

Having previously determined that an award of attorneys' fees in Younkin's favor is warranted in this case, the Court finds, and the parties agree, that the factors to consider in the court's exercise of its discretion to award fees, as set forth in *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), are satisfied and support an award of fees in this case. Therefore, the sole issue before the Court is the proper amount of attorney's fees that Younkin is entitled to recover.

**B.   Method for the Calculation of Attorneys' Fees**

The Court has authority "to award a reasonable attorney's fee" to be determined on the facts of each case, and as guided by the consideration of various factors identified by the courts.[1]

---

[1]"A 'reasonable attorney's fee' is one that is 'adequate to attract competent counsel, but... [that does] not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (editorial changes in original).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

*Hensley v. Eckerhart*, 461 U.S. 424, 429 and 430 n.3 (1983) (identifying factors to consider).  The Ninth Circuit first adopted the list of factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1976) as the "appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees."  *See also Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1989).  The revised list of factors is as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 n.2 (9th Cir. 2000).

Using the 11 factors as an underlying basis for determining the reasonableness of an attorney's fee award, the Ninth Circuit Court of Appeals has adopted "the hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 [...] (1983)[]" for calculating attorneys' fee awards in ERISA cases.  *Van Gerwen*, 214 F.3d at 1045.  The approach has two steps.  First, the Court must determine the "lodestar" amount of fees which is a calculation of the number of hours reasonably

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 4

expended in the litigation multiplied by a reasonable hourly rate. *Van Gerwen*, at 1045.  The party requesting an award of attorney's fees must present evidence, generally in the form of affidavits, of the number of hours worked and of the reasonable hourly rate.  *Id.* at 1045, 1048.

The preferred procedure is for the courts to take the 11 factors into consideration in its calculation of the lodestar amount.  The courts should first make any adjustment, if appropriate, to the reasonable number of hours and the reasonable hourly rate based on the list of factors.  *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996), *as amended*, 108 F.3d 981 (9th Cir. 1997).

After calculating the lodestar figure, in the second step of the hybrid lodestar/multiplier approach a court has authority to use a "multiplier" to adjust the lodestar figure either up or down based on its consideration of the remaining factors which are not subsumed in the calculation of the lodestar figure.  *Van Gerwen*, 214 F.3d at 1045.  *See Hensley*, 461 U.S. at 434 n.9 (recognizing many factors are subsumed in the lodestar calculation).

The party moving for an award of fees bears the burden of establishing the reasonable amount of fees to which the party is entitled (*Hensley*, 461 U.S. at 437), and the burden of proving that an upward adjustment to the lodestar is warranted.  *Blum v.*

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 5

*Stenson*, 465 U.S. 886, 898 (1984).

The lodestar figure is presumed to be the "reasonable" amount of fees to be awarded.  *Blum*, 465 U.S. at 897; *Van Gerwen*, at 1045.  It is only in "rare and exceptional cases" that the Court may use a multiplier to adjust the lodestar upward or downward, and the adjustment must be supported by specific evidence in the record and detailed findings by the Court explaining why the lodestar figure is either unreasonably low or unreasonably high.  *Van Gerwen*, at 1045 (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clear Air*, 478 U.S. 546, 565 (1986)).  *See also Hensley*, 461 U.S. at 437 (requiring the court to "provide a concise but clear explanation of its reasons for the fee award[]").  The Court retains discretion in determining the amount of the attorney's fee to award.  *Hensley*, 461 U.S. at 437.

Younkin asserts the Court should adjust the lodestar figure upward based on a multiplier of 1.5.  Younkin, however, does not provide the Court with any evidence of rare or exceptional circumstances that existed in this case which would justify the 1.5 multiplier Younkin requests.  Rather, Younkin relies on factors that are subsumed within the Court's calculation of the appropriate hourly rate previously determined by the Court.  As Mr. Younkin has failed to meet his burden to prove he is entitled to a multiplier, this request is denied.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 6

C.    **The Reasonable Hourly Rate**

The Court's January 24, 2007 Order already establishes $200 per hour as the reasonable hourly rate to be applied in this case.  That hourly rate is supported by the 11 factors set forth in *Van Gerwen*, and Prudential does not now object to the rate of $200 per hour.  Therefore, the Court will not further consider the appropriateness of this rate.

D.    **The Reasonable Hours Expended**

In determining the appropriate lodestar, the Court must determine the number of hours reasonably expended by Younkin's counsel.  It must exclude only those hours that are "excessive, redundant, or otherwise unnecessary."  *Van Gerwens v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Younkin, of course, bears the burden of documenting the appropriate hours expended in the litigation and submit appropriate evidence in support of those hours worked.  *Welch v. Metropolitan Life Ins. Co.*, ___ F.3d ___, 2007 WL 656390, *4 (9th Cir. 2007) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)).  Younkin claims that his counsel expended 211.7 hours in this litigation and supports the claim with the affidavit of counsel and related time records.

In response to Younkin's claim of 211.7 hours, Prudential contends that 25.8 hours should not be allowed.  With regard to

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 7

the remaining 185.9 hours, Prudential does not present any specifically detailed objection as to the reasonableness of these hours, but requests the Court to "stay" ruling on 96.6 of these remaining hours which pertain to time spent by Younkin briefing the issue of statutory penalties.  Prudential suggests that ruling on these hours should be stayed pending resolution of Prudential's appeal of the Court's award of the statutory penalties.[2]

The Court turns to address Prudential's objection and request for stay.

### 1.  Prudential's Objection

As noted, Prudential objects to 25.8 hours claimed by Younkin.  These 25.8 hours relate to time spent by Younkin's counsel in relation to the following matters: (1) objecting to Prudential's motion for administrative remand (14.5 hours) and (2) time spent on administrative remand (11.3 hours).

The history attendant this litigation is set forth in the report and recommendation filed by the undersigned on July 25, 2006, and need not be detailed herein.  (Dkt. #52.)  Rather, it

---

[2]By Order entered January 24, 2007, the Court granted partial summary judgment to Younkin finding that Younkin was entitled to recover a penalty, pursuant to 29 U.S.C. §§ 1132(c)(1) and 1024(b)(4), in the amount of $33,000 for Prudential's delay in providing Younkin Plan documents.  (Dkt. 66.)  On February 23, 2007, Prudential filed a Notice of Appeal respecting the referenced Order.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 8

suffices to note that this litigation was spawned by Prudential's denial of Plan benefits to Younkin based upon Prudential's utilization of the wrong Plan documents.  Some four months after the Complaint had been filed, Prudential moved the Court to remand Younkin's claim for benefits for administrative review under the correct Plan documents.  Younkin opposed Prudential's request for remand.  After the motion for remand was fully briefed, and at the suggestion of United States Magistrate Judge Bart Erickson, the parties stipulated to an administrative remand.  (Dkt. #41.)

Prudential now contends that the 14.5 hours expended by Younkin's counsel in opposing remand should be denied because "Younkin... had no success on this endeavor and no reasonable basis for opposing [administrative remand] in the first place." (Prudential's Br. In Response, at 4.)  The Court is unpersuaded by Prudential's argument.

Prudential laid down the litigation gauntlet when it denied Younkin benefits, compelled him to retain the services of an attorney, and ultimately necessitated the institution of this action.  At the point in time Prudential filed its motion for remand, Younkin's counsel was completely justified in undertaking to research and formulate his position in opposition to administrative remand in order to avoid Younkin's claim, which had already been through the administrative process, from

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 9

languishing in administrative limbo.  The fact Younkin later
agreed, at the urging of Magistrate Judge Erickson, to stipulate
to remand is not representative of whether the time spent
researching and opposing was "unnecessary".  Rather, given the
circumstances of the case and the valid concerns raised by
Younkin's counsel regarding the motion to remand, this Court does
not believe 14.5 hours should be excluded.  Younkin's counsel
legitimately used the time to assess the impact of the requested
remand upon his client in achieving ultimate resolution of his
valid claim for benefits.  The Court finds it would be
inappropriate to exclude these hours based on the hindsight
knowledge that the administrative remand resulted in Mr. Younkin
obtaining the benefits to which he was entitled.

Prudential further contends that the 11.3 hours spent by
Younkin's counsel during the administrative remand should be
excluded.  Prudential seeks this exclusion notwithstanding the
fact that it previously represented it would pay Younkin's
attorney's fees for the time spent during the administrative
remand.  (Prudential's Response Br., at 6-7.)  In voicing its
current opposition, Prudential relies upon the recent decision by
the Eastern District of California in *Kniespeck v. UNUM Life Ins.
Co. of America*, 2007 WL 496346 (E.D. Cal. February 13, 2007).  In
*Kniespeck*, the court applied the rationale previously announced
by the Ninth Circuit in *Cann v. Carpenters Pension Trust Fund for*

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 10

*N. Cal.*, 989 F.2d 313 (9th Cir. 1993) to support its order denying attorneys' fees incurred in an administrative remand. *Kniespeck*, at *7.  With due respect, the Court is not persuaded by the reasoning in *Kniespeck*.

In *Cann*, the Ninth Circuit was called upon to determine whether attorneys' fees could be recovered in an ERISA action for time spent in the pre-litigation administrative phase.  *Cann*, 989 F.2d at 316, 317.  The court held that fees for time spent in the pre-litigation administrative phase could not be recovered because such a rule would "encourag[e] plans to pay questionable claims in order to avoid liability for attorneys' fees[]" to the detriment of the interests of other plan participants.  *Cann*, 989 F.2d at 317.  The court in *Kniespeck* concluded the same rationale would support a denial of attorneys' fees for time spent during an administrative remand after suit had been instituted by the claimant.  *Kniespeck*, at *7.  In reaching its conclusion, the *Kniespeck* court also noted that the burden rests upon the party seeking fees to provide sufficient evidence to support the request and found that the claimant had failed to sustain that burden with respect to certain fees.  *Id.*  Here, by contrast, Mr. Younkin has proven, to the satisfaction of the Court, that the hours spent during the administrative remand phase were reasonable and necessary to protect his rights under the

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 11

circumstances of this case.

The Court also finds the more enlightened rule is that set forth in *Peterson v. Continental Casualty Co.*, 282 F.3d 112 (2nd Cir. 2002). In *Peterson*, the court held that attorneys' fees for time spent during a court-ordered remand process may properly be awarded. *Peterson*, 282 F.3d at 122. The *Peterson* court reasoned that "the fact that a court orders additional fact finding or proceedings to occur at the administrative level does not alter the fact that those proceedings are part of the 'action' as defined by ERISA [under 29 U.S.C. § 1132(g)(1)]." *Id*. The Court finds this reasoning persuasive. As was the case in *Peterson*, this Court retained jurisdiction over the present suit throughout the administrative remand process.

Mr. Younkin had a right to continue to use representation throughout the administrative remand process. By laying down the litigation gauntlet, Prudential compelled Younkin to retain the services of an attorney to obtain the benefits to which he was entitled. Proceedings on remand were necessitated by Prudential's conduct and Younkin could not be expected to forego the assistance of an attorney particularly in light of the tortured course the pre-litigation administrative proceedings had taken. Consequently, the Court finds Mr. Younkin is entitled to recover attorneys' fees for the 11.3 hours expended by Younkin's counsel in the court-ordered administrative remand proceedings.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 12

**2.  Requested Stay**

Prudential requests the Court to stay an order with respect to the 96.6 hours it contends were spent on Younkin's pursuit of statutory penalties.  Prudential contends these hours were separate and distinct from Younkin's claim for reinstatement of long term disability benefits under the Plan.  Prudential simply argues that if it successful in its appeal of the Court's Order finding Prudential liable for statutory penalties, Mr. Younkin could not be awarded such fees.  Although Prudential's predicate may be true, as far as it goes, Prudential fails to present a cogent, let alone persuasive argument why staying the award of fees would serve any useful purpose.  In fact, the contrary would be true in that it would be more expedient for the Ninth Circuit Court of Appeals to address the issue of attorneys' fees, as appropriate, in Prudential's pending appeal.

Prudential also presents the alternate argument that if the Court denies a stay it should find a total of 29 hours is appropriately deducted from the 96.6 hours at issue.  First, Prudential asserts 4.8 hours should be disallowed as they were spent briefing how prejudgment interest was to be calculated; an issue upon which the Court ultimately agreed with Prudential's position.[3]  Second, Prudential contends 24.2 hours should be

---

[3]Younkin requested prejudgment interest be calculated at the Montana statutory rate of 10%.   The appropriate rate, as

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 13

disallowed because Prudential believes this is the approximate amount of time Younkin's counsel spent in relation to presenting Younkin's arguments that co-Defendant Washington Corporation was liable for statutory penalties.  Prudential refers to the documentation submitted by Younkin's counsel, and specific entries related to the two referenced subjects, as providing support for the deduction.

In focusing upon Prudential's request for disallowance of the 24.2 hours, Prudential's counsel admitted during hearing upon this issue that the amount was somewhat arbitrarily chosen as is reflected in Prudential's suggestion that the Court should reduce the total time requested by 25% or 24.2 hours.  In effect, Prudential requests the Court to adjust the lodestar downward based upon the 25% figure.  Courts have routinely rejected the contention that the lodestar should be adjusted downward for purportedly unsuccessful claims based upon the fact that successful and unsuccessful claims are very often legally or factually intertwined.  *See e.g. Robinson v. City of Edmond*, 160 F.3d 1275, 1283-84 (10th Cir. 1998).  Given the close interrelationship between Prudential and Washington Corporation's administration of the ERISA plan at issue, and particularly the issue of which entity had the responsibility to produce those

---

directed by 28 U.S.C. § 1961, however, is the T-bill rate.  *See Blanton v. Anzalone*, 760 F.2d 989, 992-93 (9th Cir. 1985).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 14

plan documents which lie at the center of this controversy, the Court finds the legal arguments presented by Younkin as to both entities were clearly interrelated.  That "[t]here is no precise rule or formula" for determining the extent of a reduction and that a court "may attempt to identify specific hours that should be eliminated,... [t]he Court necessarily has discretion in making this equitable judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Under the circumstances of this case the Court finds it would be unfair to eliminate the hours requested by Prudential.

With respect to Prudential's requested reduction of 4.8 hours relating to the issue of prejudgment interest, the Court notes that Younkin's entire discussion of the interest rate issue in his briefing consisted of a total of approximately 7 sentences requesting utilization of the 10% figure but deferring to the judgment of the Court.  (Dkt. #45 at 10; Dkt. #56 at 7.)  The only significant time spent by Younkin on the prejudgment interest issue related to Younkin's consultation with a CPA to determine the appropriate calculation of interest under the T-bill rate and review of Prudential's proposed calculations. (Dkt. #70, Ex. 1 at 15-16.)  The hours expended by Younkin's counsel in determining the proper calculation of prejudgment interest based upon the T-bill rate are legitimate and reasonable and the Court, in its discretion, will not disallow the 4.8 hours

as requested by Prudential.

### 3.   Additional Hours Related to Litigating the Fee Dispute

Younkin supplemented his previous request for attorneys' fees with the affidavit of counsel establishing that counsel had expended an additional 19 hours preparing the attorneys' fee petition and related pleadings.  Prudential did not voice any objection to these additional hours.  Reasonable work at all stages of litigation is compensable including work expended on the preparation of a fee petition and litigating a fee dispute. *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) and *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986).

## III. CONCLUSION

Mr. Younkin has proven that his counsel has reasonably expended 211.7 hours on this case, and that his counsel has reasonably spent an additional 19 hours to pursue his motion for an award of fees.  Thus, Mr. Younkin is entitled to an award of attorneys' fees for 230.7 hours of work, multiplied by the appropriate rate of $200 per hour, for a total of $46,140.00.

Accordingly, the Court hereby enters the following:

**RECOMMENDATION**

Younkin's Motion for Attorney's Fees should be GRANTED, and Younkin should be awarded $46,140.00 in attorneys' fees. Additionally, since all other remaining issues in this case have been fully resolved, final judgment should be entered.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this __16th__ day of April, 2007.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 17